UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



**Sean Sullivan**

                Plaintiff,

   – against –

**The City of New York, Detective Thomas Markardt, Shield No. 6869, Police Officer John Doe #1 present at the arrest and detention of Plaintiff on December 2, 2012, Police Officer John Doe #2 present at the arrest and detention of Plaintiff on December 2, 2012, Police Officer Jane Doe #3 present at the arrest and detention of Plaintiff on December 2, 2012, Police Officers John Doe #4 present at the arrest and detention of Plaintiff on December 2, 2012, Police Officer John Doe #5 present at the arrest and detention of Plaintiff on December 2, 2012, Supervisory Warden, Rikers Island Correctional Facility, Employee of the New York City Corrections Department Jane Doe # 6 who was working at Central Booking at the time Plaintiff was transferred to Rikers Island, Employee of the New York City Corrections Department John Doe # 7 who gave Plaintiff a medical examination at Rikers Island, and Employee of the New York City Corrections Department John Doe # 8 who processed Plaintiff at Rikers Island intake for transfer into the general population, Assistant District Attorney Jane Doe # 9 who filed initial criminal charges against Plaintiff, Assistant District Attorney Jane Doe # 10 who negotiated plea bargain terms with Plaintiff's attorney, and Assistant District Attorney John Doe # 11 who negotiated plea bargain terms with Plaintiff's attorney, the New York City Criminal Justice Agency, and an employee of the New York City Criminal Justice Agency Jane Doe # 12 who recommended that Plaintiff be released on certain bail conditions,**

                Defendants,

**AMENDED COMPLAINT**

Civil Action No.:

14-CV-1334 (JMF)



This Amended Complaint of the Plaintiff, Sean Sullivan, respectfully shows and hereby alleges as follows:

## I.    Introduction

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Each and all of the various Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, to the extent applicable, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the counties of New York and Kings, and under the authority of their office as members of the police force, correction officers and assistant district attorneys of said state, city and /or county.

2.   In all, the various Defendants subjected the Plaintiff to an array of violations of his unmistakable constitutional, statutory and common law rights, and the Plaintiff thereby seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## II.    Parties

3.   Sean Sullivan, the Plaintiff, is an unemployed attorney residing within the jurisdiction of this Court.

4.   Defendant, THE CITY OF NEW YORK ("NYC"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the City and/or State of New York.

2

5. NYC maintains THE POLICE DEPARTMENT OF THE CITY OF NEW YORK (the "NYPD"), where personnel, including, its agents, servants and employees, were hired, trained, managed, directed, supervised, and controlled by NYC, and is thereby liable to the Plaintiff for the acts complained of herein under, among others, the theories of vicarious liability and respondeat superior.

7. The NYPD maintains a police department where personnel, including, its agents, servants and employees, were hired, trained, managed, directed, supervised, and controlled by practice and custom in accordance with certain guidelines and policies.

8. The Supervisory Warden of Rikers Island Correctional Facility, a Defendant, is responsible for the management of the Rikers Island jail facilities, which is under the purview of the New York City Department of Corrections (the "Corrections Department").

10. At all relevant times, the Defendant Detective Thomas Markardt was an employee of the NYPD acting under the color of law within the scope of his duties. Detective Markardt is sued in his individual and official capacities.

11. At all relevant times, the Defendants John/Jane Does # 1-8, are or were at all relevant times employees of the NYPD or the Corrections Department acting in the capacity of agents, servants, and employees of defendant NYC and within the scope of their employment. Upon information and belief, John Does # 1-8 include officers with surnames Emanuel and Sanchez. The Plaintiff is unable to determine the names of these defendants at this time and thus sues them under a fictitious designation. John/Jane Does 1-8 are sued in their individual and official capacities.

12. At all relevant times, defendants John/Jane Does # 9 - 11 were Assistant District Attorneys of Kings County who, acting in the capacity of agents, servants, and employees of NYC and within the scope of their employment. The Plaintiff is unable to determine the names of these defendants at this

3

time and thus sues them under a fictitious designation.  John/Jane Does # 9 - 11 are sued in their individual and official capacities.

13.  The New York City Criminal Justice Agency is a not-for-profit corporation serving NYC's criminal justice system under contract with the Office of the Coordinator for Criminal Justice.

14.  At all relevant times, the Defendants Jane Doe # 13 is or was at all relevant times an employee of the New York City Criminal Justice Agency.  Jane Doe #13 appeared to the Plaintiff to be a Caucasian woman of middle age who was on duty at Central Booking in downtown Brooklyn on the morning of December 5, 2012 and made recommendations to the New York City Criminal Court regarding the Plaintiff's bail conditions.  Jane Doe # 13 is sued in her individual and official capacities.

15.  At all times relevant herein, the named individual defendants and the unnamed John/Jane Doe defendants (collectively, the "Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, the Corrections Department or subcontractors to the City of New York, as applicable, or as Assistant Attorney Generals and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

16.  On or about March 1, 2013, a Notice of Claim regarding the claims set forth herein was duly served on the New York City Comptroller's Office by certified mail delivery; that more than thirty (30) days have elapsed since the presentation of the aforesaid demand and claim, and Defendant NYC and the Comptroller thereof, have refused to make an adjustment for payment thereof, and this action was commenced within one (1) year and ninety (90) days and/or one (1) year after the cause(s) of action accrued, in accordance with the provisions of Section 504 of the General Municipal Law,  and all relevant sections of law applicable hereto.

17. The Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice and/or gross disregard for Plaintiffs' rights.

18. The limitations on liability set forth in CPLR 1601 do not apply to this action.

19. The limitation in liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

### III.    Basis of Jurisdiction

20. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343. This Court also has supplemental jurisdiction over the claims for relief arising under New York statutory and common law pursuant to 28 U.S.C. § 1376(a) because they form part of the same controversy and derive from the same facts.

21. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs' rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as New York State statutory and common law.

22. Venue is proper pursuant to 28 U.S.C. §1391(b) in that the Plaintiff has resided in this district and defendant NYC is subject to personal jurisdiction in the Southern District of New York.

### IV.    Facts

23. That on November 28, 2012, Anne-Laure Gilard, the estranged wife of the Plaintiff, invited the Plaintiff via text message to her residence on December 2, 2012, presumably to visit their daughter who lives with the Defendant and to discuss certain family matters. When the Plaintiff arrived at his estranged wife's address on the morning of December 2, upon information and belief, Ms. Gilard asked

through her intercom if it was the Plaintiff who was ringing her doorbell and then told the Plaintiff to wait. Within a few minutes, a couple of police cars arrived with four or five police officers who proceeded to arrest the Plaintiff.

24. That on or about the morning of December 2, 2012, while present at the address of his estranged wife, at 494 President Street, the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

25. That the arresting police officers, contrary to the policy of the NYPD regarding potential domestic violence matters, did not interview the Plaintiff to determine if there was any cause for his estranged wife's complaint, but instead hurried him into a police vehicle without reading him his Miranda rights and, when the Plaintiff asked why he was being detained, one of the Police Officers stated to him, "You know what you did."

26. That the Plaintiff was nevertheless taken by the police officers to the 78th Precinct in Brooklyn, where the Plaintiff was placed in a holding cell for several hours and his belongings, including mail and personal papers, were searched and taken from him. It was not until the evening of December 2 that the Plaintiff was taken to Central Booking at 120 Schermerhorn in downtown Brooklyn for processing. Upon information and belief, the Plaintiff remained in the holding cells in Central Brooklyn for two nights before he was ultimately processed to be taken to Rikers Island jail facilities.

27. The Plaintiff was not recommended for release on his own recognizances by NYC's Criminal Justice Agency and so the court ordered that a bail bond of $750 be imposed for the Plaintiff's release. The Kings County DA's Office charged the Plaintiff with aggravated harassment and

harassment in the second degree presumably, according to the filed criminal information, for certain

non-threatening text messages exchanged between the Plaintiff and his estranged wife. The Plaintiff

was not released from the custody of law enforcement until bail was posted on his behalf on December

7, 2012 and was not able to leave Rikers Island until the morning of December 8, 2012.

28. Upon information and belief, Ms. Gilard called the police to have the Plaintiff arrested on

the morning of December 2 because she had previous discussions with certain employees of the NYPD

about detaining the Plaintiff for text messages that were purportedly received in October and November

of 2012. Upon information and belief, Ms. Gilard first called the police in October of 2012 regarding

certain text messages between the Defendant and the Plaintiff that were heated in their tone and rhetoric

as they were communications regarding critical issues surrounding the divorce and family court matters

between the two parties. Upon information and belief, Detective Markardt coordinated the investigation

initiated by Ms. Gilard's discussions with the NYPD.

29. Upon information and belief, it was upon Ms. Gilard's conversation with certain members of

the NYPD following the text messages of October 2012 that criminal charges were contrived regarding a

non-verbal marital dispute that took place via text messages between cellphones. Detective Markadt left

certain vague messages with the Plaintiff in the month of Novwmber 2012. Presumably, the Plaintiff

was lured into Brooklyn by the Defendant to be detained with respect to the unfounded criminal charges

of aggravated harassment and harassment in the second degree under the New York State Penal Code.

30. That the Brooklyn District Attorney's office chose to prosecute the Plaintiff for alleged

aggravated harassment and harassment in the second degree without establishing probable cause, and

even though the recipient of the text messages never informed the Plaintiff that she did not want to

communicate with him and that she was alarmed by the contents of the messages. The Plaintiff was

7

thereby compelled to spend his time in the many months following his arrest defending himself against these criminal charges, which were derived from the Plaintiff's speech, until the Brooklyn District Attorney's office finally conceded the criminal case in June of 2013. Over this period of time, the Plaintiff lived under the specter of being jailed or face other serious penalties as a result of his arrest and the Kings County District Attorney's prosecution.

31. Upon information and belief, the Plaintiff did not see a judge regarding the charges against him until more than two days after his arrest, though relevant constitutional law and municipal policy require law enforcement to process those charged with a crime as quickly as possible. Further, the criminal court imposed bail as a condition of the Plaintiff's release in accordance with the recommendation of employees of the Criminal Justice Agency. Because he was indigent and without financial resources, the Plaintiff was unable to post bail on his own and had to ask family members for financial assistance.

32. As a result, the Plaintiff was brought to a facility at Rikers Island to be jailed, where he was processed by the Corrections Department and was asked to partake in a strip and/or cavity search. The Plaintiff was not given identification by correction officers while he was jailed at Rikers Island, and so correction officers had no means to identify him when he was traveling around the facility. The Plaintiff was not provided a blanket, pillow, soap or a toothbrush. The Plaintiff was given a physical exam and was subjected to invasive questioning by one of the facility's doctors, such as a question regarding whether he was circumcised or not. Certain of the Plaintiff's property was taken by corrections personnel, including a computer flash drive that contained vital information and work product belonging to the Plaintiff, and never returned to the Plaintiff.

33.  Over the course of the criminal proceeding, the Brooklyn District Attorney's office offered a plea deal to the Plaintiff's court-appointed counsel involving participation in the TADD (Treatment Alternatives for the Dually Diagnosed) program, a court administered program for offenders with both a mental illness and substance abuse problem.  Because the Plaintiff did not have and never had a mental illness or substance abuse problem, the Plaintiff on advice of counsel refused the plea offer.  Nevertheless, the above-referenced Assistant District Attorneys continued to insist on this plea offer and would not offer an appropriate plea deal but continued to move forward to trial.  As a result, the Defendant Assistant District Attorneys continued to pursue unfounded criminal charges against the Plaintiff, thereby upending the Plaintiff's life and subjecting him to the humiliation and trauma of an abusive criminal proceeding.  Ultimately, on or around June 4, 2013, the Kings County District Attorney conceded all criminal charges against the Plaintiff and the criminal action at issue was dismissed in total by the relevant court.

**V.    Statement of Claims**

## AS AND FOR A FIRST CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 BECAUSE OF THE DEPRIVATION OF THE PLAINTIFF'S FIRST AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION

34.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 33 above with the same force and effect as if more fully set forth at length herein.

9

35.  That, by the acts alleged herein, the Defendants City of New York, Detective Markardt, the Police Officers John/Jane Doe #1, 2, 3, 4 and 5 and Assistant District Attorneys John/Jane Doe # 9, 10 and 11, acting under color of state law, and in their individual and official capacities, and within the scope of their employment, have deprived the Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including but not limited to his right to freedom of speech and freedom of expression, and freedom from retaliation for the exercise of one's free speech rights.

36.  That the aggravated harassment law of the New York Penal Code, § 240.30, is unconstitutional as it is violative of the First Amendment of the United States Constitution in that it subjects citizens of New York State to criminal penalty as a result of the exercise of their right to free speech and expression; and that  Detective Markardt, the Police Officers John /Jane Doe #1, 2, 3, 4 and 5 and the Assistant District Attorney John/Jane Doe #9, 10 and 11 applied the aggravated harassment statute in an unconstitutional manner in this instance by prosecuting the Plaintiff for non-threatening statements allegedly made by him via text message, thereby abridging his right to free speech.

37.  That NYC and Detective Markardt, John/Jane Does # 1, 2, 3, 4, 5, 9, 10, and 11, acting on behalf of the Defendant NYC, has had a policy of arresting and prosecuting citizens of New York City for no other reason than the exercise of their First Amendment rights of free speech and expression, as demonstrated and discussed in department policy manuals and domestic violence literature; and that the police officer and assistant district attorney Defendants are trained to take constitutionally infirm enforcement actions in domestic violence disputes solely based upon a person's expression of free

10

speech by arresting and prosecuting individuals pursuant to the aggravated harassment law, as the Plaintiff was arrested.

38. That Defendant NYC is directly liable for the actions of its its employees, including the above-named individual Defendant employees, agents and/or servants for conduct committed within the scope of their employment, and that it is liable to the Plaintiff for the harms exacted on the Plaintiff due to the customs and policies furthered by the police officers and assistant district attorney individual Defendants as alleged above.

39. Because the Defendants Detective Markardt, John/Jane Does 1, 2, 3, 4, 5, 9, 10, and 11, acting under color of state law, in their individual and official capacities and within the scope of their employment, detained and/or prosecuted the Plaintiff pursuant to the aggravated harassment law, and because this activity has chilled the Plaintiff from exercising his First Amendment rights when communicating with his estranged wife, a real and immediate threat exists that the Plaintiff, and New Yorkers generally, will continue to be subject to the unconstitutional detention practices of the NYPD in the future and will suffer serious and irreparable harm to their constitutional rights unless the aggravated harassment law is declared unconstitutional by this court pursuant to the First Amendment of the United States Constitution, and this law is no longer permitted to be selectively applied to punish New Yorkers solely for engaging in non-threatening speech.

40. That Detective Markardt and the John/Jane Doe Defendants referred to herein are not entitled to either absolute or qualified immunity because, among other reasons, these actions were not objectively reasonable but were reckless, malicious and intentional.

41. As a direct and proximate result of the unconstitutional acts of the employees of the NYPD and Assistant District Attorneys referred to above, the Plaintiff has suffered injury and damages including, *inter alia*, physical and mental pain, suffering, mental anguish, loss of income and injury to reputation.

## AS AND FOR A SECOND CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE FALSE ARREST AND FALSE IMPRISONMENT OF THE PLAINTIFF AND MUNICIPAL LIABILITY UNDER MONELL

42. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 41 above with the same force and effect as if more fully set forth at length herein.

43. Because Defendants Detective Markardt and Police Officers John/Jane Doe #1, 2, 3, 4, and 5, acting under color of state law, in their individual and official capacities and within the scope of their employment, arrested the Plaintiff without probable cause contrary to applicable law and, and because this false arrest was predicated upon an unconstitutional application of the New York Penal Code in accordance with the practice and custom of the NYPD acting on behalf of NYC, the Defendants should have known that an individual may not be arrested solely for non-threatening First-Amendment protected speech that did not present a clear and present danger.

44. Upon information and belief, that the Defendants had ample time to seek and obtain an arrest warrant against the Plaintiff but failed to do so, and the arrest of the Plaintiff without a warrant was clearly effectuated without probable cause, and that police officers of reasonable competence would

have sought an arrest warrant in this instance, if there was probable cause for an arrest or if it was reasonable to believe that probable cause existed.

45.  That the Defendants Detective Markardt and Police Officers John/Jane Doe #1, 2, 3, 4, and 5, acting under color of state law, in their individual and official capacities and within the scope of their employment, detained and imprisoned the Plaintiff without probable cause or sufficient legal justification for an arrest, in violation of the Plaintiff's Fourth Amendment rights under the United States Constitution.

46.  That the Plaintiff was falsely imprisoned and remained imprisoned while locked in a cell at the 78th Police Precinct, transported in police and correction vehicles by various law enforcement and personnel of the Corrections Department, confined to various cells at Central Booking in downtown Brooklyn and further jailing at Rikers Island over several days.

47.  That Detective Markardt and Police Officers John/Jane Doe #1, 2, 3, 4 and 5 intended to have the Plaintiff confined and imprisoned; the Plaintiff was conscious of the confinement, the Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

48.  That the Plaintiff was detained for over forty-eight hours without being afforded a probable cause hearing in violation of his due process rights under the United States Constitution, and that such a delay in processing the Plaintiff after his arrest is a prima facie indicia of false imprisonment and a violation of the Plaintiff's rights guaranteed by the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

49.  Upon information and belief, NYC was deliberately indifferent to the Plaintiff's constitutional rights by failing to train and supervise these individual Defendants in the proper and

lawful performance of their duties, and such failure to train and supervise is reflective of a policy and/or

custom of NYC due to the city's historical policy of targeting and jailing certain groups of New Yorkers

for periods of time without legal justification, as abundantly reported in newspapers and other media.

Further that it was the policy and/or custom of NYC to inadequately and improperly investigate citizen

complaints of police misconduct, and acts of misconduct, including those alleged herein, were instead

tolerated by NYC.

50.  That Detective Markardt and the Defendants John/Jane Does #1 - 5 are not entitled to either

absolute or qualified immunity because, among other reasons, these actions were not objectively

reasonable but were reckless, malicious and intentional.

51.  As a direct and proximate result of the misconduct described above, the Plaintiff has suffered

injury and damages including, inter alia, physical and mental pain, suffering, loss of income and injury

to reputation.


## AS AND FOR A THIRD CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE MALICIOUS PROSECUTION OF THE PLAINTIFF


52.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

paragraphs 1 to 51 above with the same force and effect as if more fully set forth at length herein.

53.    That on or about the date of the incident and from that time until all criminal charges were

dismissed on or about June 4, 2013, which was a favorable termination for the accused, NYC and the

Police Officers John/Jane Doe #1, 2, 3, 4 and 5 and the Assistant District Attorney John/Jane Doe # 9, 10

and 11 took various actions in furtherance of the deliberate and malicious prosecution of the Plaintiff without any probable cause, by filing or causing to be filed certain prosecutorial papers in the Criminal Court of the City of New York, Kings County, among other actions, for the purpose of falsely accusing the Plaintiff of violations of the criminal laws of the State of New York.

54.    That malice can be inferred because Detective Markardt and Police Officers John/Jane Doe #1, 2, 3, 4 and 5 could have given the Plaintiff a Desk Appearance Ticket to answer these criminal charges, but instead the Plaintiff was thrown into one of the most infamous jails in this country, Rikers Island, even though he lacked a criminal record and no physical violence was alleged against him; and that the Defendant Assistant District Attorneys would only offer the Plaintiff a plea bargain to attend a TADD program which was completely unsuited to him and in turn suggested a malicious slander against the Plaintiff regarding his character and deportment.

55.    That the individual Defendants are not entitled to either absolute or qualified immunity for their malicious prosecution of the Plaintiff because, among other reasons, these actions were not objectively reasonable but were reckless, malicious and intentional.

56.    That Defendant NYC is directly liable for the actions of its employees, including the above-named Defendant employees, agents and/or servants for conduct committed within the scope of their employment, and that it is liable to the Plaintiff for the harms exacted on the Plaintiff due to the customs and policies furthered by the police officers and assistant district attorney Defendants to prosecute certain groups of New Yorkers with malice as alleged above, and to target male spouses in domestic violence disputes without competently investigating the potential complaint by their respective spouses.

57.  That by reason of the aforesaid, the Plaintiff's freedom was restricted, he was subjected to great indignity, loss of income, injury to personal and business reputation, serious pain and great distress of mind and body.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE LACK OF DUE PROCESS AND IMPOSITION OF EXCESSIVE BAILS CONTRARY TO THE EIGHTH AMENDMENT

58.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 57 above with the same force and effect as if more fully set forth at length herein.

59.    That the Plaintiff was forced without his consent to sit for an interview with the New York City Criminal Justice Agency before affording the Plaintiff court-appointed counsel, as was his right because of his economic poverty; and that this interview was purportedly to determine whether the Plaintiff was entitled to be released on bail, an analysis that the Plaintiff was forced to endure without first being afforded the benefit of counsel; and that the New York City Criminal Justice Agency imposed excessive bail amounts and conditions on the Plaintiff, all in violation of his rights under the Fifth, Sixth and Eighth Amendments to the United States Constitution.

60.  That the Plaintiff had no prior criminal record, was no threat to any person and had not threatened or physically menaced any person pursuant to his incarceration; and that, even if the charges against the Plaintiff were warranted (which they were not), that the Plaintiff should have been released on his own recognizances without the imposition of bail because of he had a clean criminal record and

was not charged with an offense involving physical violence; and that the Criminal Justice Agency

recommendation as proffered by Jane Doe # 12 was made under the color of law in accordance pursuant

to municipal policy and custom in violation of the Plaintiff's rights under the United States Constitution,

including his rights not to be deprived of his liberty without due process of law, his right to an attorney,

and his right not to have excessive bail imposed on his release from detention by the government.

61.  At all times material to this complaint, NYC, acting through its police and corrections

departments and the New York City Criminal Justice Agency, and through the individual defendants,

including Jane Doe # 12, had de facto policies, practices, customs, and usages of failing to properly

train, screen, supervise, or discipline employees and police officers, and of failing to inform the

individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants,

as documented widely in media reports and newspapers.  These policies, practices, customs, and usages

were a direct and proximate cause of the unconstitutional conduct alleged herein.

62.   That the individual Defendants are not entitled to either absolute or qualified immunity for

these alleged actions against the Plaintiff because, among other reasons, these actions were not

objectively reasonable but were reckless, malicious and intentional.

63.   That by reason of the aforesaid detention of the Plaintiff in violation of his constitutional

rights, he was imprisoned and subjected to great indignity, humiliation, embarrassment, serious pain,

injury to personal and business reputation, legal expenses, disruption of life, loss of income and great

distress.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE DEPRIVATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS IN RIKER'S ISLAND

64.   That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 63 above with the same force and effect as if more fully set forth at length herein.

65.   That the individual Defendants John/Jane Does # 6, 7 and 8 acted in a manner that exceeded all reasonable bounds of decency with an intent to deprive the Plaintiff of his liberty without due process of law.

66.   The Defendant John Doe # 8 acted under color of state law, when he subjected plaintiff to an unlawful strip and/or cavity search and released the Plaintiff into the general population of the Rikers Island jail facilities without identification, a blanket, soap and toothbrush, thereby depriving the plaintiff of his liberty, rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of New York.

67.   That John Doe # 7 performed a medical examination of the Plaintiff in which John Doe # 7 encroached on the Plaintiff's right to privacy and due process rights by, among other actions, asking personal and sexually suggestive questions regarding the Plaintiff and his family without any discernible medical rationale in a coercive detention environment, and exceeded the bounds of a typical physical examination.

68.   Further, that Jane Does # 6 acted with gross and wanton disregard of the Plaintiff's rights, when she seized the plaintiff's computer flash drive without providing him a receipt for her action or returning such flash drive, thereby converting the plaintiff's valuable property for her and/or the Correction Department's and NYPD's own use without just compensation and in contravention of

applicable law, and further violating the plaintiff's privacy rights by subjecting him to identity theft and other misuse of his personal information and property.

69.  That the defendant NYC failed to exercise due care and caution in its hiring, retaining, promoting, and training practices in that it failed to adequately test, analyze test results, and/or investigate the background of the defendant employees of the Corrections Department; NYC failed to adequately screen said officers and employees, failed to adequately monitor officers, failed to properly discipline officers who violate the policies of the Corrections Department, failed to properly train and retrain officers and in that defendant NYC, its agents, servants and/or employees were otherwise careless, negligent, and reckless, as is evidenced by media reports regarding malfeasance at Rikers Island.

70.  That such tortious acts were conducted in accordance with a policy and/or custom of the Corrections Department that is contrary to applicable federal constitutional law.

71.  That the Defendant individual employees of the Corrections Department are not entitled to either absolute or qualified immunity for their acts against the Plaintiff because, among other reasons, these actions were not objectively reasonable but were reckless, malicious and intentional.

72.  That by reason of the aforesaid conduct in violation of the Plaintiff's constitutional rights, he was imprisoned and subjected to great indignity, humiliation, embarrassment, serious pain, injury to personal and business reputation, legal expenses, disruption of life,  and great distress.

<u>AS AND FOR A SIXTH CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 BY THE
DEPRIVATION OF THE PLAINTIFF'S LIBERTY WITHOUT DUE PROCESS</u>

73.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

paragraphs 1 to 72 above with the same force and effect as if more fully set forth at length herein.

74.  That the defendant Assistant District Attorneys, acting under the color of state law and

within the scope of their employment, offered the Plaintiff a single plea deal over the course of the

criminal proceedings against him; and that such offer required the Plaintiff to enter the TADD program,

a rehabilitative program for defendants with both mental and substance abuse problems, even though the

Plaintiff has never had a history of mental or substance abuse over the course of his entire life.

75.  That the Defendant Assistant District Attorney's investigatory and public acts subjected the

Plaintiff to a needlessly lengthened criminal justice proceeding over months, interfering with the

Plaintiff's life and pursuit of his career aims, and the indignity, embarrassment and humiliation of

respected public servants seeking his entry into a program carrying a grave stigma to his reputation  and

standing in the community.

76.  That the above mentioned plea offer and the investigations and discussions that gave rise to

and subsequent presentation of the plea offer constituted per se defamatory statements by the Assistant

District Attorneys that the Plaintiff suffered from a mental or substance abuse problem, or both, and that

these acts not only would have subjected the Plaintiff to a court-ordered program completely unsuited to

him, but imposed the burden of his needlessly having to defend himself against the criminal charges

before the criminal courts over many months, rather than agreeing to a sensible plea bargain with the

Kings County District Attorney's office in accordance with the custom and practice of New York City

criminal cases. Furthermore, that the Plaintiff's options as a lawyer seeking employment in New York were limited by the malicious acts of the defendant Assistant District Attorneys, and his license to practice law was placed in a challengeable circumstance, an additional deprivation of a liberty interest.

77. That the Defendant Assistant District Attorney's above-alleged acts in the plea bargaining and preparation and investigation of the criminal case against the Plaintiff resulted in the deprivation of a liberty interest of the Plaintiff under the Due Process clauses of the US Constitution, namely a "stigma plus" injury.

78. That the defendant Assistant District Attorneys are not entitled to absolute or qualified immunity because their investigatory acts in support of the plea offer and its presentation in and out of court was not devised and furthered in a prosecutorial role but served as a testimony of a complaining witness or administrator as to the facts supporting the plea remedy, namely the Plaintiff's state of mind and health, and the Defendants acts in turn were not objectively reasonable but were reckless, intentional and malicious.

79. That by reason of the aforesaid violation of the Plaintiff's constitutional rights, he was subjected to great indignity, humiliation, embarrassment, serious pain, injury to personal and business reputation, legal expenses, loss of income, disruption of life, and great distress.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR FALSE ARREST UNDER APPLICABLE NEW YORK LAW

80. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 79 above with the same force and effect as if more fully set forth at length herein.

21

81.    That beginning on or about the date of incident at the location of incident, the defendant police officers proceeded to arrest the Plaintiff without a warrant, authority of law or probable cause.

82.    That said arrest was effectuated without any warrant or other legal process and without authority of the law and without any reasonable grounds, or cause to believe that the Plaintiff was guilty of any crimes, or that the Ms. Gilard had just cause for any criminal complaint against the Plaintiff.

83.    The the Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his arrest by the defendant police officers and was forced to submit to the aforesaid arrest entirely against his will.

84.    That the defendant police officers, as set forth above, intended to arrest and confine the Plaintiff; the Plaintiff was conscious of the arrest and confinement, the Plaintiff did not consent to the arrest and confinement; and the arrest and subsequent confinement were not otherwise privileged.

85.    That Defendant NYC is liable for the tortious false arrest of the Plaintiff based upon the theories of respondeat superior and vicarious liability.

86.    That by reason of the aforesaid false arrest and detention of the Plaintiff, he was imprisoned and subjected to great indignity, humiliation, embarrassment, serious pain, injury to personal and business reputation, legal expenses, disruption of life,  and great distress.

<u>AS AND FOR A EIGHTH CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER APPLICABLE NEW YORK LAW</u>

87.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 86 above with the same force and effect as if more fully set forth at length herein.

22

88. That the Defendant police officers intentionally handcuffed and imprisoned the Plaintiff on December 2, 2013, without any just cause or probable cause, and held him against his will until he was released on or about December 8, 2013.

89. That the Plaintiff was falsely imprisoned and remained imprisoned over several days.

90. That said imprisonment was effectuated without any warrant or other legal process and without authority of the law and without any reasonable grounds, or cause to believe that the Plaintiff was guilty of any crimes, or that the defendants had just cause or probable cause to imprison the Plaintiff.

91. That the Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his imprisonment by the individual Defendants and was forced to submit to the aforesaid imprisonment entirely against his will.

92. That the individual Defendants intended to have the Plaintiff confined; the Plaintiff was conscious of the confinement, the Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

93. That Defendant NYC is liable for the tortious false imprisonment of the Plaintiff based upon the theories of respondeat superior and vicarious liability.

94. That by reason of the aforesaid false imprisonment and detention of the Plaintiff, his freedom was restricted, he was subjected to great indignity, humiliation, loss of economic and income opportunity, serious pain and great distress of mind and body.

## AS AND FOR A NINTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER APPLICABLE NEW YORK LAW

95.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 94 above with the same force and effect as if more fully set forth at length herein.

96.  That on or about the date of the incident and from that time until all criminal charges were dismissed on or about June 8, 2013, which was a favorable termination for the accused, NYC and the individual Defendants took various actions in furtherance of the deliberate and malicious prosecution of the Plaintiff without any probable cause for the purpose of falsely accusing the Plaintiff of violations of the criminal laws of the State of New York.

97.  That the commencement of these criminal proceedings was malicious and began in malice and without probable cause by the individual Defendants so that the proceedings could succeed.

98.  That Defendant NYC is liable for the tortious malicious prosecution of the Plaintiff based upon the theories of respondeat superior and vicarious liability.

99.  As a result of the malicious prosecution, that the Plaintiff was deprived of his liberty and suffered the humiliation, mental anguish, indignity, frustration, injury to good name and reputation, and loss of income and economic opportunity resulting from an unjust criminal prosecution.

## AS AND FOR A TENTH CAUSE OF ACTION FOR ABUSE OF PROCESS UNDER APPLICABLE NEW YORK LAW

100.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 99 above with the same force and effect as if more fully set forth at length herein.

101. By the conduct and actions described above, that Defendants Detective Markardt and John Does # 1, 2, 3, 4, 5, 9, 10 and and 11 issued process against the Plaintiff compelling the performance or forbearance of prescribed acts. That said individual Defendants did not possess legitimate charges against the Plaintiff, willfully and maliciously refused to withdraw these criminal charges for over six months, and compelled the Plaintiff to defend himself against criminal charges for the purpose of willfully and intentionally inflicting harm, pain and suffering upon the Plaintiff.

102. That the purpose of activating the process was intent to harm the Plaintiff without economic or social excuse or justification, which was outside the legitimate ends of the legal process. The acts and conduct of the Police Officers and Kings County DA's Office were the direct and proximate cause of significant injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States of America and the State of New York.

103. That Defendant NYC is liable for the tortious abuse of process against the Plaintiff based upon the theories of respondeat superior and vicarious liability.

104. That Defendants Detective Markardt and John Does # 1, 2, 3, 4, 5, 9, 10 and and 11 acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's rights when they arrested him, prosecuted him and had him confined in New York City's jail facilities.

105. That by reason of the aforesaid, the Plaintiff was injured in mind and body, suffered injury to personal and business reputation, and loss of income and economic opportunity.

## AS AND FOR A ELEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER APPLICABLE NEW YORK LAW

106.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 105 above with the same force and effect as if more fully set forth at length herein.

107.    That the individual Defendant police officers and corrections officers acted in a manner that exceeded all reasonable bounds of decency with an intent to inflict emotional distress upon the Plaintiff since the Plaintiff would likely had been shocked by the incidents of his arrests and incarceration and, upon information and belief, a desire to embarrass him in public and in front of his daughter for no legitimate reason, and subject him to further humiliation.

108. That, upon information and belief, Defendants Detective Markardt and certain individual police officers participated in a ruse using the Plaintiff's regard and love for his daughter in order to create a public scene of his arrest instead of informing the Plaintiff of any concerns or criminal charges to his face so that he could determine to surrender voluntarily, to the extent that there were legally sufficient charges against him.

109.    That the individual Defendant police officers did purposely, deliberately, intentionally, recklessly, wantonly, with malice, decide to not issue to the Plaintiff a Desk Appearance ticket (D.A.T.), all with the intent to harass, annoy, humiliate and embarrass the Plaintiff, to interfere with and deprive the Plaintiff of the right to be at liberty, and deliberately to cause him to be processed through the Criminal Court System.

110. That Defendants did abuse and violate their own guidelines and rules and regulations in a deliberate attempt to imprison Plaintiff and subject him to a criminal process that was unjustified by any legal theory or reasonable law enforcement necessity.

111. That Defendant NYC is liable for the tortious intentional infliction of emotional distress against the Plaintiff based upon the theories of respondeat superior and vicarious liability.

112. That by reason of the aforesaid, the Plaintiff suffered severe mental anguish, frustration, humiliation, embarrassment, injury to personal and business reputation, indignity and great emotional distress.


## AS AND FOR A TWELFTH CAUSE OF ACTION FOR NEGLIGENCE AND FAILURE TO TRAIN UNDER APPLICABLE NEW YORK LAW

113. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 112 above with the same force and effect as if more fully set forth at length herein.

114. That the Defendants NYC, Criminal Justice Agency, and their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees,  in that they failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent civil employees; failed to give them proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

115. That the Defendants, its agents, servants and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their

police duties as a reasonably prudent and careful police officer would have used under similar

circumstances; in that they carelessly, recklessly and negligently arrested the Plaintiff without making a

proper investigation; in that they were negligent, careless and reckless in the manner in which they

operated, controlled and maintained their agents, servants, and employees; violating established rules,

procedures and policies, and in that the Defendants, their agents, employees and servants were otherwise

negligent, careless, and reckless.

116. That the aforesaid occurrence, to wit the false arrest. false imprisonment, strip- search/

body-cavity search, malicious prosecution and negligence in training personnel resulting in injuries there

from, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants

and employees without any negligence on the part of the Plaintiff.

117. That as a direct and proximate result of the aforesaid, the Plaintiff was injured in mind and

body, still suffers and upon information and belief, will continue to suffer great mental pain, pain and

suffering , humiliation and embarrassment, emotional and mental distress, inconvenience, and loss of

personal and business income, and the Plaintiff has been otherwise damaged because of the false charge

of aggravated harassment and otherwise.


## AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR CONVERSION AND INVASION OF PRIVACY UNDER APPLICABLE NEW YORK LAW


118. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

paragraphs 1 to 117 above with the same force and effect as if more fully set forth at length herein.

119.  The Plaintiff is the owner of and has the legal right to possession of the aforementioned papers, mail and computer flash drive containing valuable and singular work product and information compiled by the Plaintiff, much of which were irreplaceable.

120.  That the defendant Police Officers and/or Correction Officers took and converted the property of the Plaintiff without the permission of the Plaintiff.  Such actions were malicious and taken in reckless and willful disregard of the Plaintiff's rights, constituting an invasion of the privacy of the Plaintiff.

121.  The Plaintiff has demanded the return of the property and the applicable defendants have failed to return the same.

122.   Upon information and belief, certain of the Defendants have exposed the Plaintiff to identity theft and the misappropriation of his valuable work product by the seizure and non-return of his property.  These acts amount to an invasion of the privacy of the Plaintiff.

123.  The Plaintiff is entitled pursuant to its action in replevin to an order of seizure of its property that is in the possession of certain of the Defendants, and/or to an injunction directing these Defendants to return the property forthwith to plaintiff.

124.  In the alternative, to the extent defendant has converted the Plaintiff's property to its own use prior to the return of all or some of the property, the Plaintiff is entitled compensatory damages and special damages.

125.  That Defendant NYC is liable for these tortious acts against the Plaintiff based upon the theories of respondeat superior and vicarious liability

## AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR THE VIOLATION OF THE NEW YORK STATE CONSTITUTION

126.   The Plaintiff repeat and re-allege paragraphs 1 through 125 as if fully set forth herein.

127.   The Defendants subjected the Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving the Plaintiff of rights, privileges, and immunities secured by Article 1, §§ 8, 9, 11, and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges, and immunities:

      i. The Plaintiff was deprived of freedom of speech, in violation of New York State Constitution Article 1, § 1;

      ii. The Plaintiff was deprived of his right to equal protection under the law and was subjected to discrimination based on his gender and race, in violation of New York State Constitution Article 1, § 11;  and

      iii.   The Plaintiff was deprived of his right to be free from unreasonable searches and seizures, in violation of New York State Constitution Article 1, § 12.

128.   That as a direct and proximate result of the aforesaid, the Plaintiff was injured in mind and body, still suffers great mental pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, and loss of personal and business income, and the Plaintiff has been otherwise damaged.

<u>AS AND FOR A FIFTEENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES</u>

129.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 128 above with the same force and effect as if more fully set forth at length herein.

130.    That the Defendants have violated important public policy interests in the maintenance of the integrity of the criminal justice system and the preservation of the rule of law, and in misusing the trust bestowed on civil service employees acting in the public interest.

131.    That it is necessary to punish the Defendants for such egregious conduct and to deter the Defendants and any other law enforcement personnel who might consider similar conduct in the future..

132.    Accordingly, punitive damages should be awarded to the Plaintiff against the Defendants.


**VI.    Relief Sought**

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.    Declare that the Defendants' conduct alleged herein violated 42 U.S.C. § 1983 by infringing upon the Plaintiff's rights pursuant to the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution of the United States in the manner alleged herein, upon the evidence adduced at trial or otherwise;

2.    Declare that the Plaintiff's rights under the New York State Constitution were violated and that he suffered damages pursuant to state common and statutory law violations by the Defendants in the manner alleged herein, upon the evidence adduced at trial or otherwise;

31

3.  Certify to the Attorney General of the State of New York under 28 U.S.C §2403(b) that the case presents in question the constitutionality of Section 240.30(1) of the New York Penal Code;

4.  Declare that Section 2403.30(1) of the New York Penal Code is unconstitutional pursuant to the First Amendment of the United States Constitution;

5.  Award the Plaintiff damages in an amount of no less than $30,000,000;

5.  Award the Plaintiff punitive damages in a yet undetermined amount for the Defendants' willful and malicious violations of the Plaintiff's rights;

6.  Award the Plaintiff reasonable attorneys fees and costs as authorized under 42 U.S.C. § 1988; and

7.  Grant such other further and different relief as the Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 18th day of May, 2014.

_____
Signature of Plaintiff

General Delivery
New York, New York 10001-9999
Sullivan9499@gmail.com
(347) 829-4714