```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :
SEAN SULLIVAN,                                       :
                                                     :
                          Plaintiff,                 :      14-CV-1334 (JMF)
                                                     :
              -v-                                    :      MEMORANDUM OPINION
                                                     :           AND ORDER
CITY OF NEW YORK et al.,                             :
                                                     :
                          Defendants.                :
                                                     :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 11, 2014, the Court issued an Order that *sua sponte* dismissed all claims against some Defendants in this case. (Docket No. 6). On May 21, 2014, however, Plaintiff filed an Amended Complaint (Docket No. 13) re-naming some of those Defendants. Additionally, on June 2, 2014, Plaintiff filed a motion for reconsideration of the Court's Order to the extent it dismissed claims against the New York City Criminal Justice Agency ("CJA"), the Supervisory Warden at Rikers Island, and John and Jane Doe employees of the Kings County District Attorney's Office. (Docket No. 16).

Turning to the latter first, Plaintiff's motion is GRANTED in part and DENIED in part. Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*,

239 F.3d 415, 427 (2d Cir. 2000). Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Here, the Court denies the portions of the motion seeking to reconsider the dismissal of the Supervisory Warden at Rikers Island and the John and Jane Doe employees of the Kings County District Attorney's Office. Although Plaintiff argues that the Court has supplemental jurisdiction over a state law claim against the Supervisory Warden for intentional infliction of emotional distress (Docket No. 13, at 10), the Amended Complaint alleges no facts to support such a claim. *See Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) ("The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."). And there is no merit to Plaintiff's argument that the employees of the Kings County District Attorney's Office are not entitled to absolute immunity, as the only allegations against them relate to actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

The Court grants, however, the portion of the motion seeking to reconsider dismissal of claims against the New York City Criminal Justice Agency. The basis for the Court's decision to dismiss the CJA was that it is a non-suable New York City agency, pursuant to the New York

2

City Charter, Chapter 17, Section 396, but Plaintiff has raised substantial questions as to whether the CJA is, in fact, a New York City agency.  The one court that appears to have considered the issue noted that "[a]lthough the caption of the amended complaint also names as a defendant the 'New York City Criminal Justice Agency,' there is no agency of the City of New York by this name."  *Studifin v. New York City Police Dep't*, No. 86 Civ. 5557 (WCC), 1991 WL 60379, at *1 n.1 (S.D.N.Y. Apr. 8, 1991); *see also Forrest v. New York City Criminal Justice Agency*, 549 F. Supp. 211, 212 (S.D.N.Y. 1982) (indicating that the Defendant, the CJA, was represented by private counsel, rather than the New York City Law Department).  Accordingly, if only out of an abundance of caution, the Court concludes that the prudent course of action is to keep the CJA as a Defendant in this case, without prejudice to the City of New York or the CJA making a proper motion dismissing the CJA on the basis that it is not a proper party to be sued.  The Court is entering an order of service with respect to the CJA by separate order, dated today.

As noted, Plaintiff also filed an Amended Complaint.  (Docket No. 13).   Although the Amended Complaint re-names several Defendants as to whom the original Complaint was previously dismissed, it provides no cause to reconsider the prior dismissal of claims against the following Defendants: the Supervisory Warden at Rikers Island; John and Jane Doe employees of the New York City Department of Correction; and John and Jane Doe employees of the Kings County District Attorney's Office.  **Accordingly, the claims against those Defendants in the Amended Complaint are dismissed and the Clerk of Court is directed to terminate those Defendants as parties to this case.**

In addition, the Amended Complaint provides additional information regarding the five John and Jane Doe Police Officers.  By separate order, dated today, the Court is entering an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), with respect to those five

Defendants.

Finally, as noted, Plaintiff has named a Jane Doe Defendant from the CJA "who recommended that Plaintiff be released on certain bail conditions." (Docket No. 13, at 1). If or when the CJA itself has been served, the Court will consider issuing an order under *Valentin* directing the CJA to provide the identity of this employee.

The Clerk of Court is directed to terminate Docket No. 16 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 16, 2014
      New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge